Cook, J.,
delivered the opinion of the Court.
This was an action of assumpsit, by the last endorsee, against the payee of a bill of exchange; the bill was drhwn by Thomas Hanley, at St. Louis, on the twenty-seventh day of November^ 1817, in favor of the plaintiff in error, at sixty days’ sight, upon a house in New Orleans. The defendant in eiror is the fifth endorsee. The bill of exceptions shows that the bili was presented’ in New Orleans for payment, on the 25th of February, 1818; that the Court charged the jury that if the'bill had been kept in circulation, the plaintiff had used sufficient diligence in presenting it for acceptance; that there was no evidence of the circulation of the hill, except the endorsements upon it, and proof that two of the endorsers resided in Kentucky.
The plaintiff introduced Ober, an intermediate endorser, to prove the endorsement of the last endorser, who was admitted by the Court as competent; to which the defendant excepted. It is assigned for error, that the Circuit Court erred in the charge given to the jury, on the subject of diligence; and, alro, in admitting Ober to prove the endorsement of the last endorser. As to the question of diligence, the charge appears to be well enough ; the hill was di awn in St. Louis upon New Orleans, was several times endorsed and presented for acceptance, within less than three months after its date. It was in proof, too, that two of the endorsers resided in Kentucky. The number of endorsements upon it; and the residence of the persons concerned in its negotiation, were facts proper for the consideration of the jury; and from which they might he warranted in finding, that it. had been kept in circulation, even if its presentation for acceptance had been longer delayed ; hut, if it had not been negotiated at all, we are not prepared to say that the delay was'such as in law would have discharged the drawer. The other point is more difficult. What degree of interest will entirely exclude testimony, is a question upon which there is as great a want of uniformity of decision, perhaps, as any within the rules of evidence. As far as it is practicable to apply a general rule, on this subject, it seems now to he established, that unless the witness may he immediately benefitted cr injured by the event of the suit, or the verdict to be rendered may he evidence for or against him in another suit to which he may afterwards be a party, the objection shall go to his credit and not to his competency, (Pealce’s Hy¡>idence} 145, and cases tjiere cited.) The applica *144 tion of this general rule must, in some degree, depend upon the circumstances of the case. If the legal liability of the w.tness will neither be increased nor diminished, nor the verdict to be rende.ed be evidence for or against him in another action, in which he may be a party, the objection must be to his credit.
What benefit or injury, then, could result to Ober, the witness in this case ? He was liable, by virtue of his endorsement, to the holder of the bill; so were all other endorsers, and the maker; and that liability would continue until the demand was paid. Tne ve:d.( t in that case, could not effect the liability of the witness, although it might increase the probability of his escaping it, by means of the facility afforded the holder to make the money of the defendant; a circumstance which nf ght have weightwlth the jury, in determining what credit to give to his testimony, and whether the verd ct should be for, or against this plaintiff. As lo the liability of the witness named, if the endorsement, which he was called to prove, had been a forgery, he would still be liable to the last bona fide endorsee. We think the witness in this case competent to prove a fact, which, in any event, could have no immediate effect upon his rights. It, however, does not follow, that such intermediate endorsee, would, in general, be a competent witness it. the care, as if he were called to prove payment by the defendant, to the holder cf the bill, his interest would he much more direct. Upon the whole, we are of opinion, that the question of competency must, from necessity, depend, in some degree, upon the cii cumstar.ces of the case, and the effect of the facts a'tempted to be established by the witness; and that, in this case, the fact p oved by Ober, could have no immediate efitcl upon his liability; and that the objection was one, which could only effect his credit.
The judgment must, therefore, be affirmed, with costs.